JONES, JUDGE:
This claim arises from the “Montgomery Flood” which occurred on October 11, 1967, causing widespread damage in the City of Montgomery and resulting in numerous claims against the Department of Highways which were the subject of an opinion of this Court, issued February 16, 1972, and holding said claims to be compensable. See opinion, Firestone Tire & Rubber Company vs. West Virginia Department of Highways, Claim No. D-227.
The claimants, Wilson Jacobs and S. Eugene Jacobs, are the owners of the Faymont Hotel in Montgomery, the basement of which was flooded from the floor to the 8-foot ceiling; and the claim is for damages to real estate and the destruction of all personal property then stored or used in the basement. The 3600 square feet of floor space was occupied by a private club, toilets, workshop, furnace, hot water tank and storage. The original petition claimed total damages “in excess of $6,357.60”. At the *166 hearing the Court permitted the claimants to amend their petition to show damages of $5,751.49 to real estate and $2,256.50 to personalty, a total claim of $8,007.99.
The claimants presented C. E. Kirby, a building contractor and professional real estate broker and appraiser, who testified that he examined the subject premises in the latter part of October, 1967. Under date of November 2, 1967, he made a detailed estimate of the cost of repairs to the real estate on a “cost plus” basis in the total amount of $5,751.49. This figure included the estimated cost of replacing one back counter bar and one counter and refinishing another counter, all in the private club, at a total cost of $675.00. Kirby further testified that the difference in the fair market value of the hotel property immediately before and immediately after the flood was $5,130.00.
The respondent produced Troxell O. Mason, an engineer with substantial experience in construction, who testified that he inspected the subject premises, in the company of one of the claimants and counsel for both the claimants and the respondent, about February 2, 1972, more than four years after the flood. He was furnished a copy of Kirby’s estimate and the several items of damage to the real estate were pointed out to him. Substantial repairs had been made, but other areas of damage were unchanged or only partly repaired. This witness prepared an estimate of damages to the real estate, covering all of the items shown on the Kirby estimate, and concluded that the total cost of repairs, including replacing the back counter bar and counter, and refinishing one counter, would be $2,186.30. This figure reflects deductions for depreciation, based upon limited information obtained by the witness.
This Court already has decided in the Firestone case that the claimants in this case are entitled to recover. However, the proof of specific damages is unsatisfactory and the respondent’s evidence in defense of the claim leaves much to be desired. The claimants have furnished no evidence supporting its estimated damages to real estate or any evidence of the value of personal property other than the opinion of one of the claimants. The claimants produced no receipt, canceled check or other voucher showing the actual cost of the repairs or replacements. Several items appearing on the estimate did not require repair. The estimate of $5,751.49 damages *167 to real estate includes $811.55 in taxes and insurance and a 15 per cent profit of $750.19 with no supporting proof of either item. The budding is 70 years old; and many of the items of personal property were in a state of disrepair and some apparently near discard. The claim for $500.00 for the loss of “6 used television sets and various T. V. tubes” is an example of the unrealistic valuation of some items of personal property. One of the television sets was owned by someone who left it with the claimants for repair and who made no claim against the claimants for its loss.
There is no doubt that the claimants sustained substantial losses as a result of the flood for which they are entitled to recover. However, the Court is of opinion that an award that will be fair to both the aggrieved citizens and the State of West Virginia requires the considered analysis of all the facts presented by both sides, the application of the factor of depreciation to the best of our ability, and the exercise of our best judgment in the final disposition of this difficult case.
In light of the foregoing, the Court has concluded to allow the claimants for the temporary, non-recurring damages to their real estate the sum of $3,150.00, and for the loss of personal property the sum of $1,075.00, and therefore an award is hereby made to the claimants, Wilson Jacobs and S. Eugene Jacobs, in the amount of $4,225.00. -
Claim allowed in the amount of $4,225.00.